# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

*Plaintiff*,

vs.

UNITED STATES
DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

*Defendant*.

Case No.

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation brings this action against Defendant U.S. Department of Justice ("DOJ" or "the agency") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). DOJ has refused to respond as required or produce documents in response to Plaintiff's request concerning, among other things, communications between members of then-President-elect Donald Trump's Transition team and DOJ that were generated prior to President Trump's inauguration. These communications are of critical importance to the public's understanding of any attempts by then-President-elect Trump's Transition team to improperly influence law enforcement investigations of individuals with close ties to President Trump that were being conducted at the time the transition began.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### Parties

3. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4. Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOJ has possession, custody, and control of records to which plaintiff seeks access.

### Factual Allegations

5. After the 2016 presidential election, then-President-elect Donald Trump launched the "Trump-Pence Presidential Transition Team" ("the Trump Transition" or "the transition").

6. The Trump Transition was in effect from approximately November 9, 2017 to January 20, 2017, and was initially chaired by New Jersey Governor Chris Christie and later by then-Vice President-elect Mike Pence.

*The FBI's Investigation of Members of the Trump Campaign During the Transition*

7. At the time of the transition, news reports indicated members of Donald Trump's 2016 presidential campaign were under active investigation by the Federal Bureau of Investigation ("FBI") for potentially colluding with the Russian government to influence the U.S. election.[1] The FBI's investigation initially began in July 2016, and public reports during the transition confirmed the investigation was scrutinizing "at least three Trump campaign advisers," including

---

[1] Eugene Kiely, *Timeline of Russia Investigation*, FactCheck.org (last updated Aug. 10, 2017), http://www.factcheck.org/2017/06/timeline-russia-investigation/.

one-time Trump campaign chairman Paul Manafort and Trump campaign advisors Carter Page and Roger Stone.[2]

8. Reports during the transition also suggested the FBI "focused particular attention on what cyberexperts said appeared to be a mysterious computer back channel between the Trump Organization and the Alfa Bank, which is one of Russia's biggest banks and whose owners have longstanding ties to Mr. Putin."[3]

*Law Enforcement Investigations During the Transition*

9. At the time of the transition, in addition to the FBI's Russia investigation, federal law enforcement officials were actively conducting criminal investigations of individuals and companies with ties to then-President-elect Trump, including individuals being vetted by the transition for senior positions in the Trump Administration.

10. For example, "Michael T. Flynn told President Trump's transition team weeks before the inauguration that he was under federal investigation for secretly working as a paid lobbyist for Turkey during the campaign."[4] Despite this warning, then-President-elect Trump made Mr. Flynn his national security adviser, granting him access "to the president and nearly every secret held by American intelligence agencies."[5]

---

[2] Michael S. Schmidt et al., *Intercepted Russian Communications Part of Inquiry into Trump Associates*, N.Y. Times, Jan. 19, 2017, https://www.nytimes.com/2017/01/19/us/politics/trump-russia-associates-investigation.html?mcubz=0.

[3] Eric Lichtblau & Steven Lee Myers, *Investigating Donald Trump, F.B.I. Sees No Clear Link to Russia*, N.Y. Times, Oct. 31, 2016, https://www.nytimes.com/2016/11/01/us/politics/fbi-russia-election-donald-trump.html?mcubz=0&_r=1.

[4] Matthew Rosenberg & Mark Mazzetti, *Trump Team Knew Flynn was Under Investigation Before He Came to White House*, N.Y. Times, May 17, 2017, https://www.nytimes.com/2017/05/17/us/politics/michael-flynn-donald-trump-national-security-adviser.html?mcubz=0&_r=0.

[5] *Id*.

11.     At the time of the transition, the FBI was also actively investigating potential financial crimes committed by Mr. Manafort.  According to reports, "The F.B.I. investigation into Mr. Manafort began [in the spring of 2016], and was an outgrowth of a criminal investigation into his work for a pro-Russian political party in Ukraine and for the country's former president, Viktor F. Yanukovych."[6]

12.     In addition, throughout the 2016 president campaign and Trump Transition, the Cyprus-based investment company Prevezon Holdings was under investigation by the U.S. Attorney's Office for the Southern District of New York for an alleged $230 million tax fraud scheme.[7] Natalia Veselnitskaya, while serving as counsel to the owner of Prevezon Holdings, secretly met with high ranking Trump campaign officials – including Donald Trump Jr., Jared Kushner, and Mr. Manafort – at Trump Tower during the campaign.

13.     Law enforcement officials were also investigating Deutsche Bank, President Trump's personal lender, for a multi-billion dollar money-laundering scheme that ran through the Bank on behalf of clients with ties to the Kremlin.[8]

14.     When President Trump took office on January 20, 2017, all of the above-mentioned investigations were active.

***Amid Ongoing FBI Investigations, President Trump Attempts to Influence, Then Fires James Comey***

---

[6] Schmidt, *supra* note 2.

[7] Neil MacFarquhar & Andrew E. Kramer, *Natalia Veselnitskaya, Lawyer Who Met Trump Jr., Seen as Fearsome Moscow Insider*, N.Y. Times, July 11, 2017, https://www.nytimes.com/2017/07/11/world/europe/natalia-veselnitskaya-donald-trump-jr-russian-lawyer.html?mcubz=0&_r=0.

[8] *See* Ben Protess, Jessica Silver-Greenberg, & Jesse Drucker, *Big German Bank, Key to Trump's Finances, Faces New Scrutiny*, N.Y. Times, July 19, 2017, https://www.nytimes.com/2017/07/19/business/big-german-bank-key-to-trumps-finances-faces-new-scrutiny.html?mcubz=0.

15. According to testimony given under oath by former-FBI Director James Comey, President Trump asked him for "loyalty" at a dinner on January 27, 2017. President Trump stated, "I need loyalty. I expect loyalty."

16. During sworn testimony, Mr. Comey also attested that on February 14, 2017 President Trump cleared the Oval Office and asked him to stay behind. According to Mr. Comey, President Trump then told him, "I hope you can see your way clear to letting this go, to letting Flynn go."

17. During sworn testimony, Mr. Comey also attested that in March 2017 President Trump called him to ask what the FBI could do to "lift the cloud" around his administration regarding Russia.

18. According to Mr. Comey, he refused to offer the President his "loyalty" and the FBI's investigations into Mr. Flynn and President Trump's campaign continued.

19. On May 9, 2017, President Trump fired Mr. Comey.

*Amid Ongoing Law Enforcement Investigations, President Trump Fires Preet Bharara*

20. On March 10, 2017, President Trump requested the resignations of 46 U.S. Attorneys. Then-U.S. Attorney for the Southern District of New York, Preet Bharara, refused to submit his resignation.

21. The next day, on March 11, 2017, President Trump fired Mr. Bharara. At the time of his firing, Mr. Bharara was conducting a criminal investigation into President Trump's Secretary of Health and Human Services Tom Price for potentially violating the Stop Trading on

Congressional Knowledge (STOCK) Act.[9] At the time of his firing, Mr. Bharara was also conducting a criminal investigation into Prevezon Holdings, the above-mentioned company whose owner was a client of Natalia Veselnitskaya.[10]

*President Trump's Other Attempts to Influence Federal Law Enforcement Actions*

22. According to reports, President Trump has attempted to improperly influence other federal law enforcement investigations since becoming President.

23. For example, while DOJ was prosecuting Arizona sheriff Joe Arpaio for criminal contempt, President Trump is reported to have asked Attorney General Jeff Sessions to drop the case. When Mr. Arpaio was later found guilty of criminal contempt, President Trump pardoned him before any sentencing or appeals proceedings.

*DOJ Resists Congressional Inquiries into Potentially Improper Contacts Between Political Officials and Law Enforcement Personnel*

24. On March 30, 2017, in a letter addressed to Attorney General Jeff Sessions, nine senators on the United States Senate Judiciary Committee requested DOJ provide "information about contact between the Justice Department and U.S. attorneys' offices on pending federal investigations prior to the firing of 46 U.S. attorneys on March 10, 2017." In making the request, the senators cited "potential contacts between political officials and law enforcement personnel in contradiction to longstanding policy."[11]

---

[9] *See* Robert Faturechi, *Fired U.S. Attorney Preet Bharara Said to Have Been Investigating HHS Secretary Tom Price*, ProPublica, March 17, 2017, https://www.propublica.org/article/preet-bharara-fired-investigating-tom-price-hhs-stock-trading.

[10] *See* Jose Pagliery, *Russian Money-Laundering Details Remain in the Dark as U.S. Settles Fraud Case*, CNN, May 13, 2017, http://www.cnn.com/2017/05/13/world/prevezon-settlement/index.html.

[11] Letter from Senate Judiciary Comm. Democrats to Jeff Sessions, U.S. Att'y Gen. (Mar. 30, 2017), https://www.feinstein.senate.gov/public/index.cfm/press-releases?ID=0DD150D7-7E38-4EC4-AD72-0B3ADB0E8937.

25. DOJ responded to the letter in June summarily stating it was not in a position to respond to the Senators' request for information regarding improper contact between DOJ and U.S. Attorneys' Offices on pending federal investigations prior to March 10, 2017.

### Plaintiff's FOIA Request

26. To understand and explain to the public the scope and nature of potential contacts between DOJ and officials employed by, or associated with, the Trump Transition, plaintiff submitted a FOIA request to DOJ's Executive Office for United States Attorneys ("DOJ-EOUSA"), which is attached hereto as Exhibit A.

27. Plaintiff's FOIA request was submitted via electronic mail on June 2, 2017 and requested the following:

> 1) All communications, including any attachments, sent to or from the "Chair" of the Presidential Transition Team, Mike Pence.
>
> 2) All communications, including any attachments, sent to or from any "Vice Chair" of the Presidential Transition Team, including: Marsha Blackburn, Chris Christie, Mary Fallin, Michael Flynn, Newt Gingrich, Rudy Giuliani, Cynthia Lummis, Kathleen Troia "KT" McFarland, Cathy McMorris Rodgers, Jeff Sessions, or Tim Scott.
>
> 3) All communications, including any attachments, sent to or from any member of the "Executive Committee" of the Presidential Transition Team, including: Lou Barletta, Pam Bondi, Chris Collins, Sean Duffy, Trey Gowdy, Jared Kushner, Tom Marino, Rebekah Mercer, Steven Mnuchin, Devin Nunes, Anthony Scaramucci, Kiron Skinner, Peter Thiel, Donald Trump Jr., Eric Trump, Ivanka Trump, Reince Priebus, Stephen Bannon, Amata Coleman Radewagen, Safra Catz, Tom Dadey, Nick Langworthy, Mike McCormack, Joe Mondello, or John Sweeney.
>
> 4) All communications, including any attachments, sent to or from any staff member or representative of the Presidential Transition Team, including but not limited to: Aaron Chang, Steven Cheung, AJ Delgado, Jeff DeWit, Jessica Ditto, George Gigicos, Michael Glassner, Stephanie Grisham, Katrina Pierson, Sean Spicer, Nick Ayers, Kellyanne Conway, David Bossie, Aaron Chang, Steven Cheung, AJ Delgado, Jeff DeWit, Jessica Ditto, George Gigicos, Michael

Glassner, Stephanie Grisham, Hope Hicks, Don McGahn, Jason Miller, Stephen Miller, Katrina Pierson, Josh Pitcock, Dan Scavino, Marc Short, or Katie Walsh.

28.     Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

29.     On June 2, 2017, DOJ-EOUSA acknowledged receipt of the letter and assigned the request tracking number 2017-001728, as reflected in Exhibit B.

30.     On June 7, 2017, DOJ-EOUSA sent a letter to plaintiff alleging plaintiff's request falls within "unusual circumstances" and requesting an additional ten days to respond to the request. A copy of the letter is attached hereto as Exhibit C.

31.     Pursuant to 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(a)(6)(B)(i), DOJ was required to determine whether to comply with the FOIA request within thirty (30) working days of receipt of the request and to notify plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

32.     DOJ's determination regarding plaintiff's FOIA request was due nearly two months ago.

33.     After the response date passed, plaintiff called DOJ in an attempt to obtain a status update and was told the agency was unable to provide a status update. Plaintiff has received no communications from DOJ in the time since.

34.     As of the date of this complaint, DOJ has failed to: (1) determine whether to comply with the FOIA request, (2) notify plaintiff of any such determination of the reasons therefor, (3) advise plaintiff of the right to appeal any adverse determination, or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

35.     Because DOJ has failed to comply with the time limit set forth in 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(6)(B)(i), plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

### Claim for Relief

### Count One (Violation of FOIA, 5 U.S.C. § 552)

36.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.     By failing to respond to plaintiff's request within the statutorily mandated thirty (30) days, DOJ has violated its duties under 5 U.S.C.§ 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

WHEREFORE, plaintiff prays that this Court:

1.     order defendant to conduct a search for any and all responsive records to plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2.     order defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.     enjoin defendant from continuing to withhold any and all non-exempt responsive records;

4.     order defendant to grant plaintiff's request for a fee waiver;

5.     award plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6.     grant any other relief this Court deems appropriate.

Dated: September 13, 2017                             Respectfully submitted,

/s/ *Skye Perryman*

Javier M. Guzman
(D.C. Bar No. 462679)
Skye L. Perryman
(D.C. Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jguzman@democracyforward.org
sperryman@democracyforward.org
