**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | CASE NO.: 1:17-CV-1877-EGS |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h)(1), Defendant the United States Department of Justice ("DOJ") respectfully submits the following statement of material facts as to which there is no genuine issue.

1. On June 2, 2017, Plaintiff Democracy Forward Foundation submitted a Freedom of Information Act ("FOIA") request to the DOJ Executive Office for United States Attorneys ("EOUSA"). Therein, Plaintiffs sought the production of:

    (1) All communications, including any attachments, sent to or from the "Chair" of the Presidential Transition Team, Mike Pence.

    (2) All communications, including any attachments, sent to or from any "Vice Chair" of the Presidential Transition Team, including: Marsha Blackburn, Chris Christie, Mary Fallin, Michael Flynn, Newt Gingrich, Rudy Giuliani, Cynthia Lummis, Kathleen Troia "KT" McFarland, Cathy McMorris Rodgers, Jeff Sessions, or Tim Scott.

    (3) All communications, including any attachments, sent to or from any member of the "Executive Committee" of the Presidential Transition Team, including: Lou Barletta, Pam Bondi, Chris Collins, Sean Duffy, Trey Gowdy, Jared Kushner, Tom Marino, Rebekah Mercer, Steven Mnuchin, Devin Nunes, Anthony Scaramucci, Kiron Skinner, Peter Thiel, Donald Trump Jr., Eric Trump, Ivanka Trump, Reince

        Priebus, Stephen Bannon, Amata Coleman Radewagen, Safra Catz, Tom Dadey, Nick Langworthy, Mike McCormack, Joe Mondello, or John Sweeney.

  (4)  All communications, including any attachments, sent to or from any staff member or representative of the Presidential Transition Team, including but not limited to: Aaron Chang, Steven Cheung, AJ Delgado, Jeff DeWit, Jessica Ditto, George Gigicos, Michael Glassner, Stephanie Grisham, Katrina Pierson, Sean Spicer, Nick Ayers, Kellyanne Conway, David Bossie, Aaron Chang, Steven Cheung, AJ Delgado, Jeff DeWit, Jessica Ditto, George Gigicos, Michael Glassner, Stephanie Grisham, Hope Hicks, Don McGahn, Jason Miller, Stephen Miller, Katrina Pierson, Josh Pitcock, Dan Scavino, Marc Short, or Katie Walsh.

The time period for this request is November 9, 2016 to January 21, 2017.

Declaration of Vinay J. Jolly ("Jolly Decl.") ¶ 4 & Ex. A at 1-2.

2. Plaintiff also requested "a waiver of fees for searching and duplicating records in response to this request" on the basis that the disclosure is "in the public interest". Jolly Decl. ¶ 4 & Ex. A at 3.

3. On June 7, 2017, by electronic mail, EOUSA acknowledged the receipt of Plaintiff's FOIA request, and advised Plaintiff that EOUSA assigned the request Tracking Number EOUSA-2017-001728. Jolly Decl. ¶ 5 & Ex. B.

4. On or about October 10, 2017, EOUSA became aware of the instant lawsuit, filed on September 13, 2017. Jolly Decl. ¶ 6 n. 1; Compl. for Injunctive Relief, ECF No. 1.

5. Vinay J. Jolly is an Attorney Advisor at EOUSA who is assigned to the component of EOUSA designated to administer FOIA. In that capacity, he is responsible for reviewing FOIA requests, locating responsive records, and preparing EOUSA responses to FOIA requests. Jolly Decl. ¶ 1.

6. The Jolly Declaration explains that, after receiving Plaintiff's FOIA request, EOUSA began the search for responsive records. Jolly Decl. ¶ 7.

7. The Jolly Declaration explains that EOUSA knew of one record from prior FOIA searches that EOUSA determined was responsive to this request, the "Briefing Book Transition Team." Jolly Decl. ¶ 7.

8. The Jolly Declaration explains that, on October 13, 2017, EOUSA, through counsel, and by letter dated October 11, 2017, informed Plaintiff that its search revealed a responsive record called "Briefing Book Transition Team 2016-2017." At the same time, EOUSA released 129 pages of the record in full and 20 pages in part to Plaintiff. Jolly Decl. ¶¶ 6, 7 & Ex. C.

9. The Jolly Declaration explains that, in addition to releasing the Briefing Book, EOUSA continued to search for responsive records. Jolly Decl. ¶ 8.

10. The Jolly Declaration explains that EOUSA determined that the Director's Office would be the only component likely to have records responsive to Plaintiff's request, so it forwarded the request to that component for a search of their records. Jolly Decl. ¶ 8.

11. The Jolly Declaration further explains that the Director's Office was the only component of EOUSA that would have potentially responsive records because Plaintiff's FOIA request sought communications between the Trump Transition Team and EOUSA, and individuals in the Director's Office are the only people who had authority to communicate with the Transition Team. Jolly Decl. ¶ 7.

12. The Jolly Declaration explains that, based on his nine years of experience as an Attorney Advisor in the FOIA/PA unit, Mr. Jolly determined that no EOUSA component other than the Director's office would be likely to have responsive records. Jolly Decl. ¶ 8.

13. Norman Wong is the Deputy Director and Counsel to the Director at EOUSA. In that capacity, he handles all FOIA requests in the Director's Office, including the search in response to Plaintiff's FOIA request. Declaration of Norman Wong ("Wong Decl.") ¶¶ 1-2.

14. The Wong Declaration explains that that the Justice Management Division of DOJ ("JMD") facilitated a meeting between EOUSA employees Mr. Wong, Director Monty Wilkinson, Deputy Director Suzanne L. Bell, and Chief Financial Officer Jonathan Pelletier and Transition Team members Zina Bash, Ronald Tenpas, and Brian Benzckowski that took place on December 2, 2016. Wong Decl. ¶ 4.

15. The Wong Declaration explains that EOUSA did not have direct contact with the Transition Team in setting up the December 2, 2016 meeting. Wong Decl. ¶ 4.

16. The Wong Declaration explains that, at the December 2, 2016 meeting, Mr. Wong, Mr. Wilkinson, Ms. Bell, and Mr. Pelletier provided Ms. Bash, Mr. Tenpas, and Mr. Benzckowski with a binder entitled "EOUSA Briefing Book, Transition Team 2016-2017," containing introductory materials regarding EOUSA's executive personnel and operations. Wong Decl. ¶ 4.

17. The Wong Declaration explains that communication between EOUSA and the Transition Team was tightly managed by the Justice Management Division ("JMD") of the Department of Justice. Wong Decl. ¶ 4.

18. The Wong Declaration explains that, as the most senior leaders of EOUSA, Mr. Wong, Mr. Wilkinson, and Ms. Bell would have been the only individuals to have communicated with the Transition Team, and, with the one specific exception of Mr. Pelletier's presence at the December 2, 2016 meeting, they did not delegate such communications to any other staff member. Wong Decl. ¶ 4.

19. The Wong Declaration explains that, given their roles as senior leaders at EOUSA and their presence at the December 2, 2016 meeting, Mr. Wong identified himself, Mr. Wilkinson, Ms.

Bell, and Mr. Pelletier as the only custodians likely to have responsive records. Wong Decl. ¶ 4.

20. The Wong Declaration explains that he searched for responsive records held by the identified custodians by speaking with and exchanging emails with the custodians. In these discussions and emails, Mr. Wong discussed the extent of all communications each custodian had with the Transition Team at any point from its formation until becoming aware of this FOIA request. Wong. Decl. ¶ 5.

21. The Wong Declaration explains that the custodians verified that "(1) they had no contact with the Transition Team during the requested timeframe (except with Ms. Bash, Mr. Tenpas, and Mr. Benzckowski at the December 2 meeting), (2) they neither sent nor received any email or other written correspondence to or from any Transition Team member during the requested timeframe, including Ms. Bash, Mr. Tenpas, and Mr. Benzckowski, and (3) the only responsive record in [EOUSA's] office is the Briefing Book." Wong Decl. ¶ 5.

22. The Wong Declaration explains that his search did not reveal any responsive records other than the Briefing Book presented at the December 2, 2016 meeting, which had already been released to Plaintiff. Wong Decl. ¶ 5.

23. The Wong Declaration explains that any system of records within the EOUSA Director's Office likely to contain responsive records has been considered and there is no other location in the Director's Office where any other responsive records are likely to be located. Wong Decl. ¶ 6.

24. The Wong Declaration explains that Mr. Wong is not aware of any other method or means by which a further search could be conducted that would be likely to locate any additional responsive records. Wong Decl. ¶ 6.

25. The Jolly Declaration avers that EOUSA conducted a search reasonably calculated to uncover all relevant records, but that it did not identify any additional records beyond those released to Plaintiff on October 13, 2017. Jolly Decl. ¶¶ 6, 9.

Dated: January 19, 2018                   Respectfully submitted,

                                          CHAD A. READLER
                                          Acting Assistant Attorney General

                                          MARCIA BERMAN
                                          Assistant Branch Director

                                           /s/ Rachael L. Westmoreland
                                          RACHAEL L. WESTMORELAND
                                          Trial Attorney (GA Bar No. 539498)
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Ave, NW
                                          Washington, D.C. 20530
                                          Tel: (202) 514-1280
                                          E-mail: rachael.westmoreland@usdoj.gov