**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD
FOUNDATION,

      Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: 1:17-CV-01877-EGS

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS**

In accordance with LCvR 7(h), Plaintiff Democracy Forward Foundation ("Democracy

Forward") submits this statement of genuine issues in opposition to Defendant's Statement of

Material Facts As to Which There Is No Genuine Issue (ECF 10-1).

As a preliminary matter, Plaintiff does not dispute that Defendant has averred that it

believes that four individuals in the Director's Office are the only individuals at EOUSA who

would have communicated with the Trump-Pence Transition Team and that such individuals

state that they have no responsive documents other than the briefing book the agency has

produced.  Defendant, however, has failed to provide any evidentiary basis for the assumption

that the four individuals in the Director's Office are the only individuals who would have

communicated with the Transition Team, and Defendant's conclusory assertions cannot be

credited at the summary judgment stage.  *See* Pl's Opp'n at 8-14.  In particular, Defendant has

presented evidence, at best, that four individuals in the Director's Office had the authority to

communicate with the Transition Team, but it has not presented any evidence that they would

have been the only individuals to receive communications from the Transition Team, or any basis for the Court to make that inference. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion for summary judgment.

Plaintiff's specific responses to Defendant's factual averments are provided below.

1.     Plaintiff does not dispute the facts set forth in paragraph 1.

2.     Plaintiff does not dispute the facts set forth in paragraph 2.

3.     Plaintiff does not dispute the facts set forth in paragraph 3.

4.     Plaintiff does not dispute the facts set forth in paragraph 4, although they are immaterial to Defendant's motion.

5.     Plaintiff does not dispute the facts set forth in paragraph 5.

6.     Plaintiff does not dispute that the Jolly Declaration states that EOUSA began the search for responsive records after receiving Plaintiff's FOIA request. Plaintiff notes, however, that Defendant has not demonstrated that its search was adequate under FOIA. *See* Pl's Opp'n 8-14

7.     Plaintiff does not dispute that the Jolly Declaration explains that EOUSA knew of the Briefing Book.

8.     Plaintiff does not dispute the facts averred in paragraph 8. Plaintiff notes, however, that Defendant did not produce responsive records until after litigation commenced.

9.     Plaintiff does not dispute that the Jolly Declaration avers that EOUSA continued to search for responsive records. However, Plaintiff disputes the adequacy of the search. *See* Pl's Opp'n 8-14; *see also* email from S. Perryman to R. Westmoreland, Nov. 17, 2017, attached hereto as Exhibit A, and describing various issues concerning Defendant's search.

10.     Plaintiff does not dispute that the Jolly Declaration avers that EUOSA determined that the Director's Office would be the only component likely to have records responsive to Plaintiff's request.  However, Plaintiff disputes the adequacy of the search and the adequacy of the explanations offered in the Jolly Declaration.  *See* Pl.'s Opp'n 8-14.  Plaintiff further notes that neither Defendant's statement nor the declarations it submitted contain representations averring that the individuals in the Director's Office were the only individuals who would have *received* communications from the Transition Team, or provides any basis for the Court to make such an inference.

11.     Plaintiff does not dispute that the Jolly Declaration avers that EUOSA determined that the Director's Office would be the only component likely to have records responsive to Plaintiff's request.  However, Plaintiff disputes the adequacy of the search and the adequacy of the explanations offered in the Jolly Declaration.  *See* Pl.'s Opp'n at 8-14.  Plaintiff further notes that neither Defendant's statement nor the declarations it submitted contain representations averring that the individuals in the Director's Office were the only individuals who would have *received* communications from the Transition Team, or provides any basis for the Court to make such an inference.

12.     Plaintiff does not dispute that the Jolly Declaration avers that, based on his nine years in the FOIA/PA unit, Mr. Jolly determined that no EOUSA component other than the Director's office would be likely to have responsive records.  However, Plaintiff disputes that Mr. Jolly's referenced experience rendered EOUSA's search adequate.  *See* Pl.'s Opp'n at 8-14.

13.     Plaintiff does not dispute the facts averred in paragraph 13.

14.     Plaintiff does not dispute that the Wong Declaration makes the statements set forth in paragraph 14, although such statements are immaterial to Defendant's motion.

15.     Plaintiff does not dispute that the Wong Declaration makes the statements set forth in paragraph 15, although such statements are immaterial to Defendant's motion.

16.     Plaintiff does not dispute that the Wong Declaration makes the statements set forth in paragraph 16.

17.     Plaintiff disputes this statement.  The Wong Declaration states that the communication with the Transition Team was "closely coordinated" by the Justice Management Division of the Department of Justice.  Wong Decl. ¶ 4.  Defendant does not offer evidence to support the assertion that the Justice Management Division "tightly managed" the communications, as the statement avers.  Plaintiff further notes that neither Defendant's statement nor the declarations it submitted contain representations averring the Justice Management Division was able to coordinate who would have *received* communications from the Transition Team, or provides any basis for the Court to make such an inference.

18.     Plaintiff does not dispute that the Wong Declaration avers that Mr. Wong, Mr. Wilkinson, and Ms. Bell would have been the only individuals to have communicated with the Transition Team and that they did not generally delegate such communications to any other staff member.  However, Plaintiff disputes the adequacy of the search conducted and notes that neither Defendant's statement nor the declarations it submitted contain evidence that the three individuals identified by Mr. Wong were the only individuals who would have *received* communications from the Transition Team, or provides any basis for the Court to make such an inference.

19.     Plaintiff disputes this statement insofar as Mr. Wong's declaration does not aver that the named individuals therein were "the only custodians likely to have responsive records." Further, Plaintiff disputes the adequacy of this explanation.  *See* Pl.'s Opp'n at 8-14.  As noted,

neither Defendant's statement nor the declarations it submitted contain evidence that these four individuals would have been the only people who would have *received* communications from the Transition Team, or provides any basis for the Court to make such an inference.

20.     Plaintiff does not dispute that Mr. Wong avers that he communicated with Mr. Wilkinson, Ms. Bell, and Mr. Pelletier concerning any responsive materials that they may possess.  Plaintiff disputes, however, that Defendant has demonstrated that these individuals are likely the only likely custodians.  For example, neither the Defendant's statement nor the declarations it submitted contain evidence that these four individuals would have been the only people who would have *received* communications from the Transition Team, or provides any basis for the Court to make such an inference.

21.     Plaintiff does not dispute that the Wong Declaration avers the statements set forth in paragraph 21, but it incorporates its responses to the paragraphs above in disputing the adequacy of Defendant's declarations and the search conducted.

22.     Plaintiff does not dispute that the Wong Declaration avers that he did not identify any other responsive materials, but it incorporates its responses to the paragraphs above in disputing the adequacy of Defendant's declarations and the search conducted.

23.     Plaintiff does not dispute that the Wong Declaration avers that any other system of records within the Director's Office likely to contain responsive records has been considered and none have been identified that are likely to contain responsive records.  Plaintiff, however, disputes the adequacy of Mr. Wong's explanation and the adequacy of the search; neither Mr. Wong nor anyone at EOUSA conducted any search of email accounts other than speaking to four people in the office.  This is insufficient given the nature of Plaintiff's FOIA request.  *See* Pl's Opp'n at 8-14.

24.     Plaintiff does not dispute that the Wong Declaration avers that Mr. Wong is not aware of any other method or means by which a further search could be conducted that would likely locate any responsive records.  Plaintiff, however, notes that Defendant ignores that Mr. Wong's statement is limited to the Director's Office and does not purport to address other offices in EOUSA.  Wong Decl. ¶ 6. Plaintiff incorporates the above responses in disputing the adequacy of Mr. Wong's explanation and the adequacy of the search conducted by EOUSA.

25.     Paragraph 25 sets forth a legal conclusion and not a material fact, and therefore no response is necessary.  If a response is deemed necessary, Plaintiff does not dispute that the Jolly Declaration avers that EOUSA conducted a search reasonably calculated to uncover all relevant records.  Plaintiff, however, disputes that the search was adequate under FOIA, as explained in its opposition to Defendant's Motion for Summary Judgment.  *See* Pl.'s Opp'n at 8-14

Dated: February 27, 2018                             Respectfully submitted,

                                                                        /s/ *Skye Perryman*
                                                                         Javier M. Guzman
                                                                         (D.C. Bar No. 462679)
                                                                         Skye L. Perryman
                                                                         (D.C. Bar No. 984573)
                                                                         Democracy Forward Foundation
                                                                         P.O. Box 34553
                                                                         Washington, D.C. 20043
                                                                         (202) 448-9090
                                                                         jguzman@democracyforward.org
                                                                         sperryman@democracyforward.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2018, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM-ECF system.

*s/ Skye Perryman*